# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| ARTISAN ESTATE HOMES, LLC, | : | Case No. 1:19-cv-566 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| HENSLEY CUSTOM BUILDING | : | |
| GROUP, LLC, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER: (1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND (Doc. 36); (2) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS (Doc. 20); and, (3) DENYING AS MOOT PLAINTIFF'S MOTIONS TO STRIKE (Docs. 22, 23)**

This civil case is before the Court on four motions filed by Plaintiff Artisan Estate Homes, LLC ("Artisan"): Artisan's motion to dismiss Defendant Studer Residential Designs, Inc. ("Studer")'s counterclaims (Doc. 20), and the parties responsive memoranda (Docs. 24, 32); Artisan's motion to strike Defendant Hensley Custom Building Group, LLC ("Hensley")'s affirmative defenses (Doc. 22), and the parties responsive memoranda (Docs. 27, 29); Artisan's motion to strike Studer's affirmative defenses (Doc. 23), and the parties responsive memoranda (Docs. 28, 23); and, Artisan's motion for leave to amend the complaint (Doc. 36), to which no party responded.

## I. BACKGROUND

Artisan initiated the instant action on July 11, 2019, alleging copyright infringement against Defendants Studer, Hensley, and now-dismissed Defendants

Bradford and Wendy Osborne.[1] (Doc. 1) According to Artisan, the Defendants infringed upon Artisan's original, copyrighted architectural work, "Villa De Wendy." (*Id*.) Artisan's certificates of registration for Villa De Wendy were attached to Artisan's complaint. (Doc. 1-2). In sum, Artisan contends that it provided plans for Villa De Wendy to the Osbornes, and then the Osbornes hired Studer and Hensley to modify and construct the Villa De Wendy plans. (*Id*.)

Studer and Hensley answered Artisan's complaint. (Docs. 11, 14). Artisan then moved to strike the affirmative defenses asserted by Studer and Hensley in their answers, contending that the affirmative defenses were legally insufficient, redundant, and/or procedurally improper. (Docs. 22, 23).

When answering, Studer also asserted counterclaims against Artisan for conversion and copyright infringement. (Doc. 11). According to Studer, Studer designed and Hensley constructed a residence for the Osbornes in 2009. (Doc. 11 at ¶ 3). Then, in 2014, the Osbornes met with Artisan about designing another home based on Studer's 2009 plans. (*Id*. at ¶ 4). Artisan created two design plans for the Osbornes, but neither plan was approved by the architectural review board of the Osborne's neighborhood. (*Id*. at ¶¶ 4–5).

Thus, in 2015, the Osbornes approached Studer and Hensley about designing and building their new home. (*Id*. at ¶ 8). Studer and Hensley used the 2009 plans, combined with a French turrets design feature the Osbornes first sent to Artisan to incorporate in the

---

[1] The Osbornes were dismissed by Court Order (Doc. 37) following a joint motion to dismiss all claims between Artisan and the Osbornes (Doc. 35).

Artisan design, to create their new plans for the Osbornes. (*Id*. at ¶ 9). The Studer/Hensley plan was approved. (*Id*.) The plan included copyright protection language, but the counterclaim does not allege a registration number or include certificates of registration. (*Id*. at ¶ 11). Hensley started construction on the new home in September 2016, and completed construction in May 2018. (*Id*. at ¶ 10).

Artisan moved to dismiss Studer's conversion and copyright infringement counterclaims, arguing the conversion claim was preempted by federal copyright law and the copyright claim lacked plausible allegations. (Doc. 20).

### A.     Motion for Leave to Amend

The Court first resolves Artisan's motion for leave to amend. (Doc. 36). Artisan seeks leave to amend its complaint to add additional defendants and two additional claims which Artisan contends will allow it to pursue indirect and vicarious theories of liability. (Doc. 36 at ¶¶ 2, 5). The additional defendants Artisan seeks to add are officers, directors, and/or owners of Defendants Studer and Hensley. (*Id*. at ¶ 3). No party responded to the motion for leave to amend.

The Federal Rules of Civil Procedural provide that: "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Moreover, Local Rule 7.2 provides that "[f]ailure to file a memorandum in opposition may result in the granting of any motion that would not result directly in entry of final judgment or an award of attorney fees."

Pursuant to these rules and considering that no party has responded in opposition, Plaintiff's motion for leave to amend the complaint (Doc. 36) is **GRANTED**.

**B.     Other Pending Motions**

The Court next resolves the remaining motions pending. (Docs. 20, 22, 23). Because Artisan will be filing an amended complaint – an amended complaint which will require new responses from the Defendants – Artisan's motions to strike the affirmative defenses of Defendant Studer and Hensley (Docs. 22 and 23) are **DENIED as moot**.

The Court last resolves Artisan's motion to dismiss Studer's counterclaims (Doc. 20). Artisan's motion to dismiss raises various issues with Studer's counterclaims, including some deficiencies that may be curable with an amendment. For example, Artisan argues that Studer fails to provide allegations – such as a copyright registration number or a certificate of registration – that plausibly demonstrate that the copyright Studer alleges Artisan infringed upon was a valid copyright at the time Studer asserted its counterclaim. (Doc. 20 at 6). To move forward on a copyright infringement claim, the claimant <u>must</u> have obtained copyright registration <u>prior</u> to bringing suit pursuant to 17 U.S.C. § 411(a). *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 886 (2019).

Moreover, courts are divided on whether the Federal Rules of Civil Procedure require a party to replead a counterclaim to an amended complaint, or the counterclaim is otherwise abandoned. *Mathews v. Ohio Pub. Emps. Ret. Sys.*, No. 2:12-CV-1033, 2014 WL 4748472, at *4 (S.D. Ohio Sept. 23, 2014) (collecting cases). Courts are also split on whether a defendant must seek leave to amend its answer and/or counterclaims when

responding to an amended complaint. *See Raymond James & Assocs., Inc. v. 50 N. Front St. TN*, LLC, No. 18-CV-2104-JTF-TMP, 2020 WL 7332846, at *3 (W.D. Tenn. June 23, 2020), *report and recommendation adopted*, No. 218CV02104JTFTMP, 2020 WL 6694299 (W.D. Tenn. Nov. 13, 2020) (collecting cases). Thus, Studer may be required to replead its counterclaim, and may also be required to seek leave to amend its counterclaim, when responding to the amended complaint. And, when repleading its counterclaim, Studer may be able to cure certain issues raised by Artisan when arguing its motion to dismiss.

Accordingly, considering the foregoing, Artisan's motion to dismiss Studer's counterclaims is **DENIED without prejudice**.

Pursuant to Fed. R. Civ. P. 15(a)(2), the Court *sua sponte* **GRANTS** Studer leave to file an amended counterclaim when responding to Artisan's amended complaint. In the event Studer does not assert its copyright infringement and/or conversion counterclaims when responding to the amended complaint, the Court will consider any counterclaim not asserted as abandoned.

## IV. CONCLUSION

Based upon the foregoing:

1. Plaintiff's motion for leave to file an amended complaint (Doc. 36) is **GRANTED**. Plaintiff shall file an amended complaint within 14 days of this Order;

2. Plaintiff's motion to strike the affirmative defenses of Hensley Custom Building Group (Doc. 22) and motion to strike the affirmative defenses of Studer Residential Designs (Doc. 23) are **DENIED as moot**;

3. Plaintiff's motion to dismiss Defendant Studer's counterclaims (Doc. 20) is **DENIED without prejudice**; and,

4. Defendant Studer Residential Designs, Inc. is **GRANTED** leave to file amended counterclaim(s) when responding to Artisan's amended complaint.

**IT IS SO ORDERED.**

Date: 5/17/2021

*s/Timothy S. Black*
Timothy S. Black
United States District Judge