## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| ARTISAN ESTATE HOMES, LLC, | : | Case No. 1:19-cv-566 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Judge Timothy S. Black |
| | : | |
| HENSLEY CUSTOM BUILDING | : | |
| GROUP, LLC, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER (1) GRANTING PLAINTIFF'S MOTIONS TO DISMISS (DOCS. 54 AND 74); (2) DENYING HENSLEY DEFENDANTS' MOTION TO DISMISS (DOC. 70); (3) DENYING IN PART AND GRANTING IN PART ARTISAN'S MOTIONS TO STRIKE AFFIRMATIVE DEFENSES (DOCS. 49 AND 55); AND (4) DENYING ARTISAN'S MOTION TO STRIKE STUDER DEFENDANTS' AFFIRMATIVE DEFENSES (DOC. 73)**

This civil case is before the Court on Plaintiff Artisan Estate Homes, LLC's

Motions to Strike affirmative defenses raised by Defendant Hensley Custom Building

Group, LLC ("Hensley") (Doc. 49), Defendant Studer Residential Designs, Inc.

("Studer") (Doc. 55), and Defendants Michael Studer, Paul Studer, and Mike Frimming

(collectively "the Studer Defendants") (Doc. 73).  Also before the Court are Artisan's

Motions to Dismiss Counterclaims brought by Studer (Doc. 54), and the Studer

Defendants (Doc. 74).  The Court also resolves a Motion to Dismiss by defendants John

Hensley and Timothy Hensley (collectively "the Hensley Defendants") (Doc. 70).

## I.    FACTS <u>AS ALLEGED</u> BY THE PARTIES

The Court briefly covered these facts in an earlier Order in the case.  (Doc. 44).

Given the passage of time and the number of motions this Order resolves, the Court

recounts the facts in more detail here.  Plaintiff Artisan Estate Homes, LLC ("Artisan")

designs and builds homes.  (Doc. 45 at ¶ 2).  Defendant Hensley Custom Building Group,

LLC ("Hensley") is a general contractor that builds, but generally does not design,

homes.  *Id.* at ¶ 3.  Defendant Studer Residential Designs, Inc. ("Studer") designs, but

does not build, homes.  *Id.* at ¶ 4.  John and Timothy Hensley, Michael and Paul Studer,

and Mike Frimming are also defendants though no party's pleadings identify their roles.

*See id. at* ¶ 6-10.  Other documents filed with the Court indicate that John Hensley is

Hensley's Vice President of Sales & Marketing, Timothy Hensley is Hensley's President.

(Doc. 70 at 3). Paul Studer, Mike Studer, and Mike Frimming are part of the management

and design team for Studer.[1]

Bradford Osborne and Wendy Osborne (collectively, the "Osbornes") own the

property that is the subject of this lawsuit ("the Property").  *Id.* at ¶¶ 5 and 17.  In 2009,

Studer designed a home for the Osbornes.  (Doc. 11 at ¶ 3).  Hensley constructed it.  *Id.*

In 2014, the Osbornes wanted to design and build a new home.  *Id.*  According to the

Osbornes, the new home was to be a smaller version of their existing home and located in

the same Mason, Ohio, neighborhood.  (Doc. 13 at ¶ 3).  The Osbornes approached

Artisan to do it.  (Doc. 11 at ¶ 3).  The couple was upfront that they wanted their new

home to be based on their existing home which Studer designed.  In their early meetings

with Artisan, the Osbornes showed Artisan some of Studer's preliminary drawings of

their existing home.  (Doc. 11 at ¶¶ 4-5).  At some point, Artisan asked the Osbornes to

---

[1] *About Studer Designs*, Studer Residential Designs, Inc.,
https://www.studerdesigns.com/About%20Us (last visited Jul. 20, 2022).

request and produce the plans for their existing home but, for some undisclosed reason, the Osbornes refused. (Docs. 11 at ¶ 4; 13 at ¶ 4). Instead, the Osbornes offered photographs of their home and an oral description. (Doc. 13 at ¶ 5-6). Based on these, Artisan produced a faithful replica of their existing home. So faithful, indeed, that the neighborhood's architectural review board ("the Board") rejected the plans in part because they were *too similar* to the Osborne's existing house and other houses in the neighborhood. (Doc. 6). After the Board rejected the plans, Wendy Osborne presented Artisan a photo from a website, www.architecturaldesigns.com. The photo depicted two turrets on a house resembling a French chateau. *Id.* at ¶ 7. Drawing on this inspiration, Artisan produced a design it dubbed "Villa de Wendy." *Id.* at ¶ 11. The Villa de Wendy design features two mushroom-like "French turrets" cantilevered off the second floor symmetrically flanking the front entrance. (Doc. 45-1 at 1). Parties dispute if the Osbornes ever received any physical drawings or plans of Villa de Wendy, or if they merely saw a rendering. (Compare Doc. 11 at ¶ 7 with Doc. 45 at ¶ 20). But one thing is clear: Villa de Wendy's twin turrets never left the ground. The Board rejected the Villa de Wendy design too. (Doc. 13 at ¶ 9). Around this time, the Osbornes returned to their original home builders, Studer and Hensley. *Id.* at ¶ 10. Studer and Hensley designed a new home incorporating the plans for the Osbornes' existing home and the photos of French turrets ("the Studer-Hensley Design"). The Board approved the Studer-Hensley Design, construction began in September 2016, and Hensley completed the house in May 2018. (Doc. 11 at ¶¶ 9-11).

On February 4, 2019, Artisan registered a copyright for its Villa de Wendy design. (Doc. 45-2). On July 11, 2019, Artisan filed this lawsuit alleging Studer and Hensley infringed Artisan's copyright on Villa de Wendy. (Doc. 1). Both Studer and Hensley answered on September 20, 2019.[2] (Docs. 11 and 14). Studer counterclaimed that Artisan converted Studer's plans for the Osborne's home and that Artisan infringed Studer's copyright. *Id.* at ¶¶12-23. Artisan immediately sought to dismiss the counterclaims on its theory that Studer had no valid copyright on the designs for the Osbornes' home and, in any event, failed to allege facts supporting the infringement claim. (Doc. 20). Artisan also sought to strike nearly every one of Defendants' affirmative defenses. (Docs. 21, 22, and 23). Before the Court could rule on these motions, Artisan requested leave to amend its complaint to add Timothy Hensley, John Hensley, Michael Studer, Paul Studer, and Mike Frimming as defendants. (Doc. 36). On May 17, 2021, the Court granted leave to amend and denied as moot Artisan's motions to dismiss and strike. (Doc. 44). The Court's Order expressly warned that the Court would "consider any counterclaim not asserted as abandoned." *Id.* at 5.

Artisan filed its amended complaint on May 28, 2021. (Doc. 45). Hensley answered on June 2, 2021. (Doc. 46). Studer answered on June 24, 2021, but *did not* reassert its counterclaims. (Doc. 51). Artisan again moved to strike all but one of Hensley's affirmative defenses (Doc. 47), and all but one of Studer's affirmative defenses, (Doc.

---

[2] Artisan also sued the Osbornes but agreed to dismiss them on March 13, 2020. (Doc. 37).

55). Artisan also renewed its motion to dismiss Studer's counterclaims notwithstanding that Studer did not reassert them. (Doc. 54).

Hensley opposed the motion to strike its affirmative defenses on June 30, 2021. (Doc. 52). Artisan replied in support of its motion to strike on July 7, 2021. (Doc. 53). Studer opposed the motion to strike its affirmative defenses on August 18, 2021. (Doc. 68). Artisan replied in support of its motion to strike on August 30, 2021. (Doc. 69).

Individual defendants Timothy Hensley and John Hensley ("the Hensley Defendants") filed a motion to dismiss on September 1, 2021 (Doc. 70), and an answer on September 9, 2021 (Doc. 71). The Hensley Defendants' answer purported to assert a counterclaim. *Id.* Artisan filed motions to dismiss the counterclaim (Doc. 74) and strike the individual defendant's affirmative defenses (Doc. 73).

Meanwhile, the Studer Defendants responded to the motion to strike their affirmative defenses on October 5, 2021. (Doc. 75). And Artisan replied. (Doc. 77). Without the Court's leave, the Studer Defendants filed a sur-reply. (Doc. 78).

Artisan has responded to the Hensley Defendants' motion to dismiss. (Doc. 72). The Hensley Defendants have replied. (Doc. 76).

In summary, six motions are ripe for the Court's resolution.

1. Artisan's motion to strike Hensley's affirmative defenses (Doc. 49), and the responsive memoranda (Docs. 52 and 53).

2. Artisan's motion to strike Studer's affirmative defenses (Doc. 55), and the responsive memoranda (Docs. 68 and 69).

3. Artisan's motion to dismiss Studer's counterclaims (Doc. 54), which Studer has not opposed.

4. The Hensley Defendants' motion to dismiss (Doc. 70), and responsive memoranda (Docs. 72 and 76).

5. Artisan's motion to strike the Studer Defendants' affirmative defenses (Doc. 73), and responsive memoranda (Docs. 75 and 77).

6. Artisan's motion to dismiss the Studer Defendants' counterclaim (Doc. 74), which the Studer Defendants have not opposed.

This Order addresses each motion in turn starting with the motions to dismiss, (Docs. 54, 70, 74), then addressing Artisan's motions to strike, (Docs. 49, 55, 73).

## II.    STANDARD OF REVIEW ON A MOTION TO DISMISS

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). In fact, in determining a motion to dismiss, "courts 'are not bound to accept

6

as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible where a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the case shall be dismissed. *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Parties have an obligation to defend their claims (or counterclaims) against a motion to dismiss. *Doe v. Bredesen*, 507 F.3d 998, 1007 (6th Cir. 2007). Where a party fails to support its claim in a brief opposing a motion to dismiss—or fails entirely to file an opposition—district courts are free to treat those claims as abandoned and dismiss them. *Id., see also Huge v. General Motors Corp.*, 62 Fed. App'x. 77, 79 (6th Cir.2003) (upholding district court's refusal to consider a claim that plaintiff failed to defend on motion to dismiss); *Meredith v. Allen Cty. War Memorial Hosp. Comm'n*, 397 F.2d 33, 34 n. 2 (6th Cir.1968) (same); *ARJN #3 v. Cooper*, 517 F. Supp. 3d 732, 750 (M.D. Tenn.

2021) ("Where a party fails to respond to an argument in a motion to dismiss the Court assumes he concedes this point and abandons the claim.").

### III.    ANALYSIS

**A.    Artisan's Motion to Dismiss Studer's Counterclaims (Doc. 54)**

The Court starts with Artisan's Renewed Motion to Dismiss Defendant Studer's Counterclaims. (Doc. 54). Studer initially filed its counterclaim in its answer to Artisan's original complaint. (Doc. 11 at 2). Artisan attempted to dismiss Studer's counterclaims. (Doc. 20). As recounted above, the Court then granted Artisan leave to amend its complaint and, in the same Order, denied without prejudice Artisan's motion to dismiss Studer's counterclaims. (Doc. 44 at 5). Simultaneously, the Court *sua sponte* granted Studer leave to file an amended counterclaim in response to Artisan's forthcoming amended complaint. *Id.* The Court announced unequivocally that **"[if] Studer does not assert its copyright infringement and/or conversion counterclaims when responding to the amended complaint, the Court will consider any counterclaim not asserted as abandoned."** *Id.*

Artisan filed its Amended Complaint on May 28, 2021. (Doc. 45). Studer filed its Answer on June 24, 2021. (Doc. 51). Despite an oblique reference to "it's [sic] Counterclaim herein," Studer's new answer did not present any counterclaims. Out of an abundance of caution, Artisan refiled its motion to dismiss Studer's counterclaim. (Doc. 54 at 1 n.1). Studer has not opposed that motion to dismiss.

The Court concludes that Studer's reference to "it's [sic] Counterclaim" in its answer was a typographical error. The answer asserts no counterclaim. Studer has therefore abandoned its copyright infringement and conversion counterclaims by failing to reassert them despite the Court's express instructions, and further failing to defend them in a brief opposing Artisan's motion to dismiss. Accordingly, the Court deems abandoned Studer's conversion and infringement counterclaims. Where a party abandons an undefended claim, district courts may grant a motion to dismiss them. *See PNC Bank, Nat. Ass'n v. Goyette Mech. Co.*, 88 F. Supp. 3d 775, 785 (E.D. Mich. 2015).

Artisan's motion to dismiss Studer's counterclaims (Doc. 54) is therefore **GRANTED.**

### B. Artisan's Motion to Dismiss the Studer Defendants' Counterclaim (Doc. 74)

Though Studer abandoned its counterclaims, the Studer *Defendants* did at least purport to assert a counterclaim in their answer to the Artisan's Amended Complaint. (Doc. 71 at 2). The Studer Defendants' answer alleges that that the Studer Defendants successfully copyrighted the design for the Osbornes' original home. *Id.* at ¶ 1. They further allege that Artisan was able to acquire the plans for the original home despite the Osbornes refusal to provide them. *Id.* at ¶ 2. They allege that Artisan developed the Villa de Wendy design based on what Artisan knew about the Osbornes' existing home, *id.* at ¶¶3-5, and finally that the Studer Defendants along with Hensley designed and built the home to which the Osbornes ultimately moved, *id.* at 6-8. The Studer Defendants'

9

answer stops short, however, of asserting any claim for relief. No paragraph asserts that the Studer Defendants' factual allegations entitle them to any outcome.

Artisan calls attention to this fact in its motion to dismiss the Studer Defendants' counterclaim. (Doc. 74 at 3-4). And Artisan is correct. The Studer Defendants have literally failed to state a claim. Even if the Studer Defendants had intended to include a counterclaim for copyright infringement (which, reading generously, is the direction they were heading), the Court would deem that claim abandoned because the Studer Defendants failed to respond to Artisan's motion to dismiss. *See Doe v. Bredesen*, 507 F.3d 998, 1007 (6th Cir. 2007).

Artisan's motion to dismiss the Studer Defendants' counterclaim (Doc. 74 is therefore **GRANTED.** The Studer Defendant's counterclaim is **DISMISSED.**

### C.    The Hensley Defendants' Partial Motion to Dismiss (Doc. 70)

The Hensley Defendants argue Artisan's complaint should be dismissed because it fails to allege any specific facts against either Timothy or John Hensley. (Doc. 70). Though Timothy Hensley is the President of Hensley Custom Building, and John Hensley is the Vice President of Sales and Marketing, Plaintiff failed to identify their positions in the complaint. Further, the Hensley Defendants argue Plaintiff failed to allege that either Hensley took any specific act that would make them personally liable.

Under the Copyright Act, "[a]nyone who violates any of the exclusive rights of the copyright owner ... is an infringer of the copyright." 17 U.S.C. § 501(a). Where a corporation is the alleged infringer, its corporate officers *may* be held liable for

infringement too. According to the Hensley Defendants, "corporate officers can be held liable if they personally participated in the acts constituting infringement." *Douglas Co., Inc. v. My Brittany's, LLC*, No. 20-11429, 2021 WL 75231, at *3 (E.D. Mich. Jan. 8, 2021). Artisan, however, asserts that corporate officers can be held jointly and severally liable with the corporation where "(1) the officer has the right and ability to supervise the infringing activity, and (2) the officer has a direct financial interest in such activities." *Jobete Music Co. v. Johnson Commc'ns, Inc.*, 285 F. Supp. 2d 1077, 1083 (S.D. Ohio 2003).[3]

The weight of authority in the Sixth Circuit and elsewhere supports the two-pronged approach Artisan advances. *Id.*; *see also McCleese v. Natorp's, Inc.*, No. 1:20-CV-118, 2021 WL 2270511, at *3 (S.D. Ohio June 3, 2021) (citing *Gordon v. Nextel Commc'ns & Mullen Advert., Inc.*, 345 F.3d 922, 925 (6th Cir. 2003)); *Broad. Music, Inc. v. Meadowlake, Ltd.*, No. 5:12CV1024, 2013 WL 3927793, at *3 (N.D. Ohio July 29, 2013), aff'd, 754 F.3d 353 (6th Cir. 2014) ("Although the Sixth Circuit has not addressed the issue, almost every other circuit court in the country has adopted a two-prong test to determine whether a corporate officer is jointly and severally liable with the corporation for copyright infringement."); *All Nations Music v. Christian Family Network*, 989

---

[3] Both parties cite to the case *Conceivex, Inc. v. Rinovum Women's Health, Inc.*, No. 16-11810, 2017 WL 3484499 (E.D. Mich. Aug. 15, 2017). In the Court's view, this case is inapposite. The District Court in that case decided if Plaintiff could properly amend its complaint to add "an executive officer of the corporate entity defendants, as a defendant." *Id*. at *2. The Court rejected Plaintiff's motion to amend because the "Eastern District of Michigan [wa]s the improper venue for a suit against [the executive officer]." *Id*. at *6. But the Court never reached the argument most analogous to the one the Hensley Defendants assert here, that the plaintiff failed to state a claim against the corporate officer.

F.Supp. 863 (W.D. Mich. 1997); *Mallven Music v.2001 VIP of Lexington, Inc.*, 1986 WL 10704 (E.D. Ky. Apr. 24, 1986); *Rodgers v. Quests, Inc.*, 1981 WL 1391 (N.D. Ohio Oct. 30, 1981). Thus, to survive the Hensley Defendants' motion to dismiss, Artisan must plausibly allege that Timothy and John Hensley (1) had the right and ability to supervise design and/or construction of the home based on the Studer-Hensley Design, and (2) that they had a direct financial interest in designing and/or building the Studer-Hensley Design.

Plaintiff's factual allegations, light as they may be, do state a claim for copyright infringement against the Hensley Defendants as corporate officers of Hensley.  The Amended Complaint alleges that the Hensley Defendants "design[ed], buil[t] and participat[ed] in the construction of the [Studer-Hensley Design]."  (Doc. 45 at ¶ 22).  In the alternative, the Amended Complaint alleges that the Hensley Defendants "aided, induced or contributed to" construction of the Studer-Hensley Design, and that they "had the right and ability to supervise and control" construction of the Studer-Hensley Design and a direct financial interest in it.  *Id.* at ¶¶ 23-24.  Defendants are correct, of course, that Artisan's Amended Complaint inexplicably failed to identify either Hensley's position within the Hensley Custom Building Group company.  Their positions as executives make it *more* plausible that they supervised building the Studer-Hensley Design, and that they stood to profit from it.  But plaintiffs are not required to allege every granular link in a chain of inference.  On a motion to dismiss, Courts "draw all reasonable inferences in favor of the plaintiff."  *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  Artisan *did* allege that Timothy and John Hensley were involved with "designing, building and

participating in the construction of the" Studer-Hensley Design, that they were able to "supervise and control" it, and that they had a "direct financial interest." (Doc. 45 at ¶¶ 22, 24). That is enough to survive a motion to dismiss.

The Hensley Defendants' Motion to Dismiss (Doc. 70) is therefore **DENIED**.

The Court next addresses Artisan's multiple motions to strike, (Docs. 49, 54, 73), starting with the motion to strike the Studer Defendants' affirmative defenses. (Doc. 73). As part of their Answer to Artisan's Amended Complaint (Doc. 71), the Studer Defendants included seven affirmative defenses. Artisan asks the Court to strike all but one of them.

### IV.    STANDARD OF REVIEW ON A MOTION TO STRIKE

By motion or *sua sponte*, a court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "With respect to affirmative defenses, a motion to strike is proper if the defense is insufficient; that is, if 'as a matter of law, the defense cannot succeed under any circumstances.'" *U.S.S.E.C. v. Thorn*, 2002 WL 31412440, at *2 (S.D. Ohio 2002). A successful motion "aids in eliminating spurious issues before trial, thereby streamlining the litigation." *Id*. Courts should only strike defenses "so legally insufficient that it is beyond cavil that defendants could not prevail on them." *United States v. Pretty Products, Inc.*, 780 F. Supp. 1488, 1498 (S.D. Ohio 1991).

"Partly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822

(6th Cir.1953). Motions to strike pleadings are a "drastic remedy to be resorted to only when required for the purposes of justice." *Id.* Thus, a "motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Id.*

## V.    ANALYSIS

### A.    Artisan's Motion to Strike the Studer Defendants' Affirmative Defenses (Doc. 73)

Artisan asserts that the Studer Defendants' First, Third, and Fourth Affirmative Defenses are "improper conclusory statement[s] with no supporting factual basis." (Doc. 73). According to Artisan, these affirmative defenses fail to provide sufficient notice that some factual basis exists for the assertion and therefore fail to satisfy the pleading standard under *Twombly* and *Iqbal*. *Nixson v. The Health All.*, No. 1:10-CV-00338, 2010 WL 5230867, at *2 (S.D. Ohio Dec. 16, 2010). *Twombly* and *Iqbal* require "a short and plain statement of the claim showing that the pleader is entitled to relief." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Id*. (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although the pleading need not present specific facts, its "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 555, 570). A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In response, the Studer Defendants argue that Artisan demands too high a standard. *Twombly* and *Iqbal* do not a require affirmative defenses to offer the same factual specificity as claims in a complaint. *See Hiles v. Army Rev. Bd. Agency*, No. 1:12-CV-673, 2014 WL 7005244 (S.D. Ohio Dec. 10, 2014).

The Sixth Circuit Court of Appeals has not yet addressed whether *Twombly* and *Iqbal* apply to affirmative defenses. *Depositors Ins. Co. v. Estate of Ryan*, 637 F. App'x 864, 869 (6th Cir. 2016). District courts in this circuit and, more narrowly, within the Southern District of Ohio are split on this issue. *See, e.g.*, *CCS Constr. Co., LLC v. Lotus Pad Liberty Ctr.*, LLC, No. 1:20-CV-526, 2020 WL 6707300, at \*2 (S.D. Ohio Nov. 16, 2020), *report and recommendation adopted sub nom. CCS Constr. Company, LLC v. Lotus Pad Liberty Ctr., LLC*, No. 1:20CV526, 2021 WL 39638 (S.D. Ohio Jan. 5, 2021) (rejecting application of *Twombly*/*Iqbal* to affirmative defenses); *Ohio ex re. Dewine v. Globe Motors, Inc.*, No. 3:18-cv-142, 2019 WL 3318354, at \*2-3 (S.D. Ohio July 23, 2019) (same); *Ruff v. Credit Adjustment, Inc.*, No. 2:18-cv-351, 2019 WL 4019464, at \*2 (S.D. Ohio Aug. 23, 2018) (same); *Sprint Solutions, Inc. v. Shoukry*, No. 2:14-cv-00127, 2014 WL 5469877, at \*2 (S.D. Ohio Oct. 28, 2014) (same); *Joe Hand Promotions, Inc. v. Havens*, No. 2:13-cv-0093, 2013 WL 3876176, at \*2 (S.D. Ohio Jul. 26, 2013) (same). *See also Nixson v. The Health All.*, No. 1:10-cv-00338, 2010 WL 5230867, at \*2 (S.D. Ohio Dec. 16, 2010) (analyzing affirmative defenses "through the *Iqbal*/*Twombly* plausibility lens" on a motion to strike); *Edizer v. Muskingum Univ.*, No. 2:11-cv-799, 2012 WL4499030, at \*11 (S.D. Ohio Sept. 28, 2012) (same).

This Court agrees with the Studer Defendants. The heightened pleading standards under *Twombly* and *Iqbal* do not apply to affirmative defenses. "Declining to apply the *Twombly*/*Iqbal* standard to defenses is consistent with Rule 8." *Ruff*, 2018 WL 4019464, at *2. Under Rule 8(a)(2), a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 8(c)(1), in contrast, a party asserting an affirmative defense in response to a pleading need only "affirmatively state any avoidance or affirmative defense...." Fed. R. Civ. P. 8(c)(1). Treating affirmative defenses to a lower standard than claims in a complaint is logical. A defendant asserting an affirmative defense does not "unlock the doors of discovery" the same way that a plaintiff does by filing a complaint. *F.T.C. v. Hope Now Modifications, LLC*, No. CIV. 09-1204 JBS/JS, 2011 WL 883202, at *3 (D.N.J. Mar. 10, 2011). Moreover, plaintiffs, as masters of their own complaint, have more time to develop factual support for their claims than defendants preparing an answer. Thus, the Court holds that simply stating the existence of an affirmative defense "in general terms" is sufficient "as long as it gives plaintiff fair notice of the nature of the defense," *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006) (quoting 5 Wright & Miller, Federal Practice and Procedure § 1274), and satisfies both the law and the spirit of Rule 8.

The Studer Defendant's first affirmative defense is that the complaint fails to state a claim upon which relief can be granted. In the Court's view, this statement adequately provides "fair notice." The Studer Defendants' answer need not contain more detail to put Artisan on notice that they intend to challenge the sufficiency of the Amended

Complaint. *King v. Taylor*, 694 F.3d 650, 657 (6th Cir. 2012) ("An answer is no place to lay out the detailed basis for a Rule 12(b) defense."). Thus, the Court declines to strike the Studer Defendants' first affirmative defense.

The third and fourth affirmative defenses allege that the amended complaint is barred "due to the statute of limitations" and the "doctrine of laches," respectively. (Doc. 71 at 2). Again, the Court finds these plain statements sufficient to fairly notice Artisan of the nature of these defenses. The statute of limitations and the doctrine of laches are well-worn defenses, familiar to average practitioners. Put simply, they assert that Artisan waited too long to file suit. Artisan is therefore on notice that it will have to demonstrate it acted diligently and filed its complaint timely. The Court declines to strike the Studer Defendants' third and fourth defenses too.

Artisan further seeks to strike the Studer Defendants' Fifth, Sixth, and Seventh Defenses, reproduced here:

> Fifth Defense: The "infringing residence" that plaintiff's Amended Complaint refers to was not developed from plans by plaintiff. Rather, the original design for the Osborne's second residence was developed in 2009 by Studer Residential Designs, Inc.

> Sixth Defense: Plaintiff obtained its copyright certificate registration via fraud as plaintiff did not create the ideas set forth in the drawings and plans submitted by plaintiff. Instead, all of those ideas were provided to plaintiff by third-parties.

> Seventh Defense: Plaintiff does not hold a valid copyright to what it refers to as "Villa De Wendy." The drawings submitted by plaintiff contain ideas and drawings developed by Studer Residential Designs, Inc. in its 2015 plans developed for the Osborne's second residence.

Artisan asserts that these defenses are "not proper affirmative defenses" because they merely repeat Studer Defendants' specific denials earlier in the complaint, and therefore should be stricken.  This argument is folly.  At no point in their answer do the Studer Defendants refer to their Fifth, Sixth, and Seventh Defenses as "affirmative."  Nor would it clearly matter if they had.  Artisan points to no case law suggesting that defenses must be stricken if they are "not proper affirmative defenses."  The key distinction between affirmative and non-affirmative defenses is that "affirmative defenses are generally waived if not plead."  Fed. R. Civ. P. 8(c); *see TCP Industries, Inc. v. Uniroyal, Inc.*, 661 F.2d 542, 547 (6th Cir. 1981).  Thus, the Studer Defendants were "fully justified in setting up as affirmative defenses anything that might possibly fall into that category, even though that approach may lead to pleading matters as affirmative defenses that could have been set forth in simple denials."  *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 736 (N.D. Ill. 1982) (citing 5 Wright and Miller, Federal Practice and Procedure s 278 at 351-52 ("[A] defendant should be encouraged to plead a defense affirmatively if he is in any doubt as to his ability to put the matter in issue under a denial.").  Indeed, the one Sixth Circuit case Artisan cites reinforces that the Studer Defendants were correct to plead its Fifth, Sixth, and Seventh Defenses separately from its specific denials.  In *Ford Motor Co. v. Transport Indem. Co.*, a "major consideration" in determining whether a defense should be pleaded affirmatively, "is the fairness of allowing the defendant to assert the defense; if permitting the defendant to interpose the defense will force the plaintiff to perform additional discovery or develop new legal theories, these considerations will militate heavily in favor of terming the defense

affirmative." 795 F.2d 538, 546 (6th Cir. 1986). Here, the Fifth, Sixth, and Seventh defenses stem from the narrative that Defendants, not Artisan, originated the design that Artisan accuses Defendants of infringing. These defenses "will force [Artisan] to perform additional discovery" and, quite possibly, revise its legal theories. *Id.* Fairness dictates that the Studer Defendants should present these defenses affirmatively at the earliest opportunity, and that is what they did. The Court will not strike the Fifth, Sixth, and Seventh Defenses on the basis that they are not proper affirmative defenses.

Artisan further asserts that the Sixth Affirmative Defense fails to state with particularity the circumstances of the alleged "fraud." Courts in this circuit generally agree fraud must be pled with particularity even when presented as an affirmative defense. *See Sprint Sols., Inc. v. Shoukry*, No. 2:14-CV-00127, 2014 WL 5469877, at *3 (S.D. Ohio Oct. 28, 2014); *Bradford Co. v. Afco Mfg.*, No. 1:05–CV–449, 2006 WL 143343, at *5 (S.D. Ohio Jan.19, 2006). When asserting fraud or mistake as an affirmative defense, a defendant "must state with particularity the circumstances constituting fraud or mistake. To meet this standard, fraud must be pleaded in detail— this means the who, what, when, where, and how' of the alleged fraud." *Ameriserv Tr. v. United States*, 125 Fed. Cl. 733, 742 (2016). The Studer Defendants meekly contest that their fraud defense is properly pleaded. Nevertheless, the Court finds that they have pleaded fraud with particularity. The Studer Defendants allege that (who?) Artisan met (where?) with the Osbornes (when?) in early 2014 and received "oral description" and "pictures of [the Osbornes'] existing home" that (how?) enabled them to produce (what?)

the Villa de Wendy design that they copyrighted in February 2019.  (Doc. 71 at ¶¶ 2-4).

The Court therefore declines to strike the Studer Defendants' Sixth Defense.

Artisan's motion to strike the Studer Defendants' affirmative defenses (Doc. 73) is

**DENIED.**

### B.    Artisan's Motion to Strike Hensley's Affirmative Defenses (Doc. 49)

Artisan further seeks to strike the Second, Third, Fourth, Fifth, Sixth, Seventh and

Ninth Defenses raised by Hensley.  (Doc. 49).

Hensley's Second Affirmative Defense states: "Plaintiff's Amended Complaint

fails to state a claim against this answering Defendant upon which relief can be granted."

(Doc. 46 at ¶ 6).  Artisan asks the Court to strike this defense as insufficient and

improper.  The Court denies this request for the same reason it declined to strike the

Studer Defendants' First Affirmative Defense.  *Supra* p. 14-15.  Affirmative defenses

generally are not subject to the heightened pleading standards of *Twombly* and *Iqbal*.  *Id.*

Therefore, an affirmative defense that states the complaint "fails to state a claim upon

which relief can be granted" sufficiently notices Artisan that Hensley intended to

challenge the sufficiency of the Amended Complaint.

The Court views Hensley's Third Affirmative Defense somewhat differently.

That defense asserts that "[t]he claims are barred for want of consideration" and that

"[t]he claims are barred for failure of consideration."  (Doc. 46 at ¶¶ 7-8).  Hensley's

Answer fails to explain how consideration, a feature of contract law, relates to Artisan's

copyright infringement claim, and Hensley's response opposing Artisan's motion to

strike offers no back up.  For that reason, it fails to provide Artisan fair notice of the nature of defense.  *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006).  The Court therefore **STRIKES** Hensley's Third Affirmative Defense.  (Doc. 46 at ¶¶ 7-8).

Artisan next attacks Hensley's Fourth, Fifth, and Sixth Affirmative Defenses for failing to satisfy the pleading requirements of *Twombly* and *Iqbal*.  The Court has already rejected Artisan's assertion that *Twombly* and *Iqbal* apply to affirmative defenses.  *Supra* p. 14-15.  Affirmative defenses survive a motion to strike if they provide plaintiffs fair notice of the nature of the defense.  *Lawrence*, 182 F. App'x at 456.  Hensley's Fourth, Fifth, and Sixth Defenses each do so.  Hensley's Fourth Defense alleges that "unclean hands" bar Artisan's Amended Complaint.  (Doc. 46 at ¶ 9).  That is enough to put Artisan on notice that its "conduct with respect to the subject matter of the action" will be scrutinized.  *Wells Fargo Bank, N.A. v. Lee*, 2014-Ohio-4514, ¶ 57, 20 N.E.3d 1236, 1249.  Hensley's Fifth Affirmative Defense states that Artisan's claims may be "barred by the equitable doctrines of laches, estoppel and/or waiver."  (Doc. 46 at ¶ 10).  This statement suffices to put Artisan on notice that Hensley will try to present evidence that the amended complaint is barred by Artisan's delay, or that Artisan is estopped from bringing its claims, or that Artisan has waived its claims.  Sixth, Hensley affirmatively states that Artisan failed to "mitigate and/or minimize" its damages.  (Doc. 46 at ¶ 11).  Artisan is therefore fairly on notice that it will need to present evidence about its damages and any duty or efforts to mitigate them.  Accordingly, because these statements, brief as they are, provide fair notice of Hensley's defenses, the Court declines to strike Hensley's Fourth, Fifth, or Sixth Affirmative Defenses.

Hensley's Seventh Affirmative Defense states that Artisan "obtained its Copyright Certificates of Registration via fraud as Plaintiff did not inform the United States Copyright Office that Plaintiff did not create any of the ideas set forth in the drawings and plans submitted by Plaintiff." (Doc. 46 at ¶ 12). This Court has already acknowledged that, while affirmative defenses need not meet the heightened *Twombly/Iqbal* pleading standard, an affirmative defense that alleges fraud must still be pleaded with particularity. *Supra* at p. 19. Artisan argues that Hensley's Seventh Affirmative Defense falls short of the particularity requirement. Though it is a close call, the Court disagrees. Fraud must be "pleaded in detail—this means the who, what, when, where, and how' of the alleged fraud." *Ameriserv Tr. v. United States*, 125 Fed. Cl. 733, 742 (2016). But pleading fraud with particularity "does not require omniscience; rather the Rule requires that the circumstances of the fraud be pled with enough specificity to put defendants on notice as to the nature of the claim." *Williams v. Duke Energy Int'l, Inc.*, 681 F.3d 788, 803 (6th Cir. 2012). Here, Hensley alleges that Artisan misrepresented the originality of "the drawings and plans" it submitted to the Copyright Office. In other words, Artisan made a specific misrepresentation at a specific point in time to a specific entity. These details, though meager, plead fraud with particularity. The Court declines to strike Hensley's Seventh Affirmative Defense.

Finally, Artisan attacks Hensley's Ninth Affirmative Defense which asserts a catchall reservation of Hensley's "right to amend its answer and to assert additional affirmative defenses as they become known to this Defendant in the course of discovery." (Doc. 46 at ¶ 14). Artisan contends this purported reservation is impossible; Hensley's

"right to amend its answer and to assert additional affirmative defenses" is already governed by Federal Rule of Civil Procedure 15. Hensley cannot fiat greater rights than Rule 15 provides by asserting them as an affirmative defense. *Paducah River Painting, Inc. v. McNational Inc.*, No. 5:11-CV-00135-R, 2011 WL 5525938, at *5 (W.D. Ky. Nov. 14, 2011) ("A reservation of right seeking to preserve unknown affirmative defenses subverts Federal Rule of Procedure 15, which allows a party to move for leave to amend a responsive pleading."). The Court agrees, and therefore **STRIKES** Hensley's Ninth Affirmative Defense. Hensley may, with the Court's leave, assert other affirmative defenses as they arise by amending its Answer.

Artisan's motion to strike Hensley's affirmative defenses is therefore **DENIED IN PART AND GRANTED IN PART.** Hensley's Third and Ninth Affirmative Defenses are **STRICKEN.**

### C. Artisan's Motion to Strike Studer's Affirmative Defenses (Doc. 55)

Artisan's final motion to strike targets Studer's affirmative defenses. (Doc. 55). In its Answer, Studer asserted eight affirmative defenses. (Doc. 51). Artisan attacks the Third Affirmative Defense first. That one purports to "readopt the defenses raised in [Studer's] Answer previously filed herein." (Doc. 51 at 2). Artisan claims this self-referential method of pleading is improper and warrants striking. Though the Court agrees this style of pleading affirmative defenses seems especially irksome (Studer didn't even bother to *cite* its prior answer), courts do permit defendants to assert affirmative defenses by reference to other documents, and the Court declines to curtail that process

broadly. *See, e.g.*, *CCS Constr. Co., LLC v. Lotus Pad Liberty Ctr.*, LLC, No. 1:20-CV-526, 2020 WL 6707300, at *3 (S.D. Ohio Nov. 16, 2020), *report and recommendation adopted sub nom. CCS Constr. Company, LLC v. Lotus Pad Liberty Ctr.*, LLC, No. 1:20CV526, 2021 WL 39638 (S.D. Ohio Jan. 5, 2021). What matters is whether the "challenged affirmative defense contains sufficient information of the nature and legal bases on which [Defendant] intends to rely." *Id.* Here, Studer's First Affirmative Defense incorporates by reference the affirmative defenses raised in its earlier answer. (Doc. 11). Mercifully, those affirmative defenses are substantively the same as those in Studer's current answer. (Doc. 51). The Court declines to strike Studer's First Affirmative Defense and, for efficiency, will assess Artisan's arguments as they relate to affirmative defenses in Studer's present answer (Doc. 51), and their corresponding affirmative defenses in Studer's earlier answer, (Doc. 11).

Artisan seeks to strike Studer's First, Fourth, Fifth, and Sixth Affirmative Defenses for failing to satisfy the pleading standard of *Twombly* and *Iqbal*. As this Court held above, *supra* at 14, those precedents do not apply to affirmative defenses. The Affirmative Defenses Artisan challenges from Studer's answer are as follows:

> First Affirmative Defense: The Amended Complaint fails to state a claim upon which relief may be granted.

> Fourth Affirmative Defense: Plaintiff's [Amended] Complaint is barred due to the statute of limitations.

> Fifth Affirmative Defense: Plaintiff's Amended Complaint is barred due to the doctrine of laches, estoppel, and/or waiver.

> Sixth Affirmative Defense: Plaintiff's claims are barred due to failure of consideration.

24

Studer's First Affirmative Defense is identical to Hensley's Second Affirmative Defense, and the Studer Defendants' First Affirmative Defense.[4] The Court declines to strike it for the same reasons. *See supra* pp. 14-5, 18. An affirmative defense that states the complaint "fails to state a claim upon which relief can be granted" sufficiently notices Artisan that Studer intended to challenge the sufficiency of the Amended Complaint.

Likewise, Studer's Fourth and Fifth Affirmative Defenses match the Studer Defendants' Fourth Affirmative Defense and the Hensley Defendants Fifth Affirmative Defense.[5] *See supra* pp. 14, 19. The Court declines to strike these defenses for the same reasons. *Id.* Artisan remains on fairly notice that it will have to show it acted diligently and filed its complaint timely.

Studer's Sixth Affirmative Defense, like Hensley's Third Affirmative Defense, will be stricken. Studer also fails to explain how consideration relates to Artisan's copyright infringement claim. For that reason, it fails to provide Artisan fair notice of the nature of defense. *Lawrence*, 182 F. App'x at 456. The Court hereby **STRIKES** Studer's Sixth Affirmative Defense. (Doc. 51 at 2).

Artisan next attempts to strike Studer's Seventh Affirmative Defense which asserts "Plaintiff obtained it's [sic] Copyright by virtue of fraud as plaintiff did not inform United States Copyright office [sic] that plaintiff did not create any of the ideas set forth in the drawings and plans submitted by plaintiff." (Doc. 51 at 2). This defense aligns

---

[4] This defense also aligns with the First Defense from Studer's original answer, incorporated here by reference. (Doc. 11 at 1).

[5] This defense aligns with the Third and Fourth Defenses from Studer's original answer. (Doc. 11 at 1-2).

with Hensley's Seventh Affirmative Defense.[6]  Again, Artisan argues that the fraud

defense was not pleaded with particularity.  For the same reason the Court declined to

strike Hensley's Seventh Defense, the Court also declines to strike Studer's Seventh

Defense. *See supra* p. 20.  Studer alleges Artisan made a specific misrepresentation at a

specific point in time to a specific entity and therefore its copyright is invalid.  That is

enough, in this case, to plead an affirmative defense of fraud with particularity.  The

Court declines to strike Studer's Seventh Affirmative Defense.

Finally, Artisan seeks to strike Studer's Eighth Affirmative Defense which alleges

that Artisan "is not the original author of the plans that are referred to in plaintiff's

Amended Complaint. Rather, plaintiffs [sic] utilized answering defendant's plans and

directly infringed on Studer's copyright." (Doc. 51 at 2).  Artisan contends this is a

"mere denial of the specific elements of [Artisan's] prima facie case."  The Court has

already rejected this argument. *See supra* pp. 15-16.  Studer was "fully justified in

setting up as affirmative defenses anything that might possibly fall into that category,

even though that approach may lead to pleading matters as affirmative defenses that

could have been set forth in simple denials." *Bobbitt v. Victorian House, Inc.*, 532 F.

Supp. 734, 736 (N.D. Ill. 1982) (citing 5 Wright and Miller, Federal Practice and

Procedure s 278 at 351-52 ("[A] defendant should be encouraged to plead a defense

affirmatively if he is in any doubt as to his ability to put the matter in issue under a

denial."). The Court will not strike Studer's Seventh Defense.

---

[6] This defense further aligns with the Sixth and Seventh Affirmative Defenses incorporated by
reference from Studer's original answer.  (Doc. 11 at 2).

Artisan's motion to strike Studer's affirmative defenses (Doc. 55) is therefore **GRANTED** with respect to Studer's Sixth Affirmative Defense, but **DENIED** as to Studer's remaining Affirmative Defenses.

## VI.    CONCLUSION

In summary, based upon the forgoing:

1. Artisan's motion to dismiss Studer's counterclaims (Doc. 54) is **GRANTED;**

2. Artisan's motion to dismiss the Studer Defendants' counterclaim (Doc. 74) is **GRANTED;**

3. The Hensley Defendants' partial motion to dismiss (Doc. 70) is **DENIED;**

4. Artisan's motion to strike the Studer Defendants' affirmative defenses (Doc. 73) is **DENIED;**

5. Artisan's motion to strike Hensley's affirmative defenses (Doc. 49) is **GRANTED** as to Hensley's Third and Ninth Affirmative Defenses; those defenses are **STRICKEN**, but **DENIED** as to Hensley's remaining Affirmative Defenses; and

6. Artisan's motion to strike Studer's affirmative defenses (Doc. 55) is **GRANTED** as to Studer's Sixth Affirmative Defense, which defense is **STRICKEN**, but **DENIED** as to Studer's remaining defenses.

**IT IS SO ORDERED.**

Date:  7/25/2022

Timothy S. Black
United States District Judge